UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
SEP 21 2010
WESTERN DISTRICT OF NY

| | |
|---|---|
| SHARI AND DAVID FLETCHER-MACLEOD h/w ) ) ) Plaintiffs ) vs. ) ) GLOBAL CREDIT & ) COLLECTION CORPORATION ) ) Defendant ) | Case Number<br>**10 CV 758 -A**<br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Shari and David Fletcher-MacLeod, h/w, by and through their undersigned counsel, Joshua Dubs, Esquire, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Shari and David Fletcher-MacLeod, h/w (hereinafter "Plaintiff"), are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

### III. PARTIES

4. Plaintiffs, Shari and David Fletcher-MacLeod, h/w, are adult natural persons residing at 2028 McDaniel Avenue, Apt.3, San Jose, CA 95101. At all times material and relevant hereto, Plaintiffs are a ("consumers") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Global Credit and Collection Corporation, at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of California and the State of New Jersey with its principal place of business located at 300 International Drive, Suite 100, Williamsville, NY 14221 and a registered office located at 820 Bear Tavern Road, Trenton, NJ 08628-1021.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about April 6, 2010, Plaintiffs started to receive calls from an agent of the Defendant by the name of "Mrs. Crawford", regarding an alleged debt owed to Capital One for approximately $495.00.

8. Defendant's agent falsely introduced herself to the Plaintiffs as an agent of Capital One.

9. Calls from Defendant's agent, "Mrs. Crawford", were being received on Plaintiff's personal cell phones and to Plaintiff, David's place of employment.

10. On or about April 8, 2010, Plaintiff, David, received a call to his place of employment from Defendant's agent, "Mrs. Crawford". Plaintiff immediately informed the agent that she could not call him while he was at work.

11. Defendant's agent, "Mrs. Crawford", was asked to call Plaintiff, David, on his cell phone.

12. Defendant's agent, "Mrs. Crawford", however continued to call Plaintiff, David, at his work place and started leaving messages on the general voice mail stating that she was calling regarding a personal matter that had not been resolved and was going to go further.

13. During that same time, Plaintiff, Shari, was receiving calls from Defendant on her personal cell phone as well.

14. On or about April 8, 2010, Defendant called Plaintiffs around 5:58 am.

15. On or about April 9, 2010, Defendant called Plaintiffs around 7:00 am.

16. During that call, Plaintiff, Shari, informed Defendant's agent, "Mrs. Crawford", that she was violating the FDCPA by calling so early in the morning and was she aware that they lived on the west coast.

17. Defendant's agent replied that she was not violating anything because the Plaintiffs lived in Maryland.

18. Plaintiffs live in California and have never at any time resided in Maryland.

19. Plaintiff, Shari, attempted to give Defendant's agent, "Mrs. Crawford", their proper address; however the agent refused to take the information.

20. Plaintiff, Shari, informed Defendant's agent, "Mrs. Crawford", that they had retained the services of the law firm of Persels & Associates, LLC to help aid them in their debt settlement and that she should be called directly in this matter.

21. Defendant's agent stated that she did not believe Plaintiffs even had an attorney and that she would not work with a company that helps them pay their bills.

22. Plaintiff, Shari, asked Defendant's agent, "Mrs. Crawford", for the fax number of where she was calling from. The agent became irate and refused to give out her fax number.

23. To date Plaintiffs have still never received anything in writing from the Defendant.

24. "Mrs. Crawford" continually yelled and interrupted the Plaintiff, Shari, when she would try to speak.

25. Defendant's agent, "Mrs. Crawford", demanded that Plaintiff, Shari, just pay them and stop stalling because she was interfering with the agreement that she had already made with her husband.

26. Plaintiff, David, has never made any settlement agreement with the Defendant.

27. On or about April 12, 2010, Plaintiff, Shari, received a call from Defendant's agent, "Mrs. Crawford", who aggressively demanded payment be made on this debt immediately.

28. During this same call, Plaintiff, Shari, requested again that the Defendant call Persels on this matter, agent refused and Plaintiff ended the call at approximately 4:33pm.

29. Defendant's agent, "Mrs. Crawford", called back at 4:35 pm scolding the Plaintiff (Shari) and stating that she in no way violated the FDCPA. Agent then ended the call.

30. On or about April 15, 2010, Defendant called Plaintiffs around 6:03 am.

31. On or about April 22, 2010, Defendant called Plaintiffs around 5:40 am.

32. On or about that same day, April 22, 2010, Defendant called Plaintiff (David) and left a voice mail message at his place of employment regarding the above referenced debt.

33. On or about April 28, 2010, "Mrs. Crawford", left a general voicemail message at Plaintiff, David's, workplace stating that she guessed she would have to speak to his employer because he is was too busy screening his calls.

34. Defendant's agent continued to call Plaintiff, David's, general office line despite having his direct extension and his cell phone number.

35. On or about July 12, 2010, Defendant's agent, "Mrs. Crawford", again called Plaintiff, David's, place of employment demanding that payment be made on this debt.

36. On or about that same date, July 12, 2010, Persels sent a "cease and desist" letter to the Defendant warning them in writing that they represented the Plaintiffs and that they needed to cease all further contact with the Plaintiffs on this matter. **See Exhibit "A" (letter) attached hereto.**

37. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

38. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

39. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

40. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

41. The above paragraphs are hereby incorporated herein by reference.

42. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1):   At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer, before 8:00 am and after 9:00 pm

§ 1692c(a)(2):   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(a)(3):   At place of employment when knows that the employer prohibits such communications

§ 1692c(c):   After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Global Credit and Collection Corporation, for the following:

  a.  Actual damages;

  d.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                **Respectfully submitted,**

**Date: August 17, 2010**       BY: <u>/s/ Joshua E. Dubs</u>

                Joshua E. Dubs, Esquire
                485 Michigan Avenue
                Suite 5
                Buffalo, NY 14203
                716-854-2050 / Fax: 716-852-0560
                Email: joshdubsesq@gmail.com
                Attorney for Plaintiff

# EXHIBIT "A"

Exhibit A

PO Box 729
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
**PERSELS & ASSOCIATES, PLLC (NC)**
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, IL
Alexandra Taylor, licensed in CA

Phone: 1-800-498-6761
Fax: 1-410-910-5923

GLOBAL CREDIT COLLECTION
300 INTERNATIONAL DR
STE 100
WILLIAMSVILLE, NY 14221

July 12, 2010

**Creditor Account Number:** 5178057285096629

**Client Name:** Shari Fletcher-MacLeod and David Macleod
**Client SSN:** ###-##-0689 and ###-##-8700

To Whom It May Concern:

Our law firm has been retained by Shari Fletcher-MacLeod and David Macleod. Persels & Associates has a limited power of attorney to represent this client in debt settlement negotiations. Please update your records to the firm as your contact for settlement of our client's debts. Cease all further direct contact with our client pursuant to The Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any related litigation. <u>We do not accept service on behalf of our client in any proceeding. All court papers and notices must be served directly on the party.</u>

You can reach Persels & Associates at 1-866-939-PALAW. We will contact you in the future to discuss possible settlement options. We look forward to working with you and appreciate your assistance in resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Alexandra Taylor

**Persels & Associates**

*Neil J Ruther*

Neil J. Ruther
1-800-498-6761

Rev: 823E-008-091220